JOHN D. W. TENBROOK, Guardian, *against* HENRY M'COLM and Wife.

An appeal will not lie, to the Prerogative Court, from a decree of the Orphans' Court, revoking letters of guardianship. The proper method of reviewing such a decree is by writ of *certiorari*.

*J. S. Green* for plaintiff.

*Vroom* for defendants.

EWING, C. J.　We are moved in this case to quash a writ of *certiorari*, which has brought here a decree of the Orphans' Court of the county of Somerset, revoking, so far as related to the person of the ward, letters of guardianship of the person and estate of David Voorhees, granted by that court in the year 1819; because, as stated by the court in their decree, "the custody of the person of the said infant had until lately been committed by the said guardian to the mother of the said infant, and the said mother was desirous of retaining the possession of the person of the said infant, and had always treated him with the kindness and affection of a mother, and was together with her present husband, Henry M'Colm, perfectly competent to the proper bringing

Tenbrook *v.* M'Colm.

up of the said infant, and the said John D. W. Tenbrook, the guardian, had without any good or proper cause shewn, taken the said ward from his mother, and refused to restore him."

The ground on which the motion is rested, is, that a writ of *certiorari* will not lie, to remove here such decree of revocation, and that an appeal should have been taken to the Prerogative Court.

In the 33d section of the act respecting the Prerogative and Orphans' Courts, *Rev. Laws* 787, it is enacted that " all final sentences or decrees of the Orphans' Courts in the several counties of this state, where no appeal is given to the Prerogative Court, shall be subject to removal by *certiorari*, into the Supreme Court." Hence it is seen that our topic of inquiry is, whether an appeal from the present decree is *given*, inasmuch as if not given, a *certiorari* may, by the express terms of the act, be sued out.

The Prerogative Court and the Orphans' Court, are tribunals created by statute ; and their jurisdiction, so far at least as respects the subjects of it, is special and limited. We are then to look into the statute to learn their jurisdiction, and, especially in consequence of the phraseology of the section just cited, to ascertain whether in any specified case an appeal is given.

The first section declares that " the authority of the Ordinary shall extend only to the granting of probates of wills, letters of administration, letters of guardianship, and to the hearing, and finally determining of all disputes that may arise thereon." The second section directs him to hold a Prerogative Court at stated times, " when he shall hear and finally determine all causes that shall come before him, either directly, or by appeal from any of his surrogates, or the Orphan's Court." The 6th section, declaring the jurisdiction of the Orphans' Court, gives them " full power and authority to hear and determine all disputes and controversies whatsoever, respecting the existence of wills,

Tenbrook *v.* M'Colm.

the fairness of inventories, the right of administration and guardianship, and the allowance of the accounts of executors, administrators, guardians, or trustees, audited and stated by the surrogate, and all other matters and things hereinafter submitted to their determination." The general terms of these sections have never been supposed or construed to give jurisdiction of appeal from *all* decrees of the Orphans' Court; and among other reasons it may be presumed, because an appeal is not in either section expressly given or recognized; because in the subsequent sections, in some specified cases, the appeal is given in express terms; and because from the language of the whole act, it is abundantly manifest, that the legislature did not design to subject all decrees of the Orphan's Courts to appeal, but to give the appeal from some, and to subject others to removal by *certiorari.* Agreeably to this view of the matter, it has been held that the decree of the Orphans' Court on the settlement of the accounts of executors or administrators is not subject to appeal, but to removal by *certiorari, Sullard* v. *Smalley.* before *Governor Williamson,* July, 1824; the *State* v. *Mayhew,* 4 *Halst.* 75. In *Eldridge* v. *Lippincott, Coxe* 397, an appeal to the governor from a decree of the Orphans' Court, appointing a guardian, was dismissed for want of jurisdiction; the act of 1784, in force when that case was decided, although containing these same general sections which have been cited, not giving in express terms an appeal from the granting of letters of guardianship.

The 7th section of the act of 1820, *Rev. Laws* 777, authorizes the Orphans' Court, if a guardian has embezzled, wasted or misapplied the estate, or shall neglect or refuse to give further security when required, to revoke or repeal the letters of guardianship; but nothing is said in respect to an appeal from the sentence or decree of revocation. Again, in the 9th section, the Orphans' Court are authorized to revoke letters of guardianship, where, at the instance of a

surety in the bond, it is made to appear that the guardian has embezzled, wasted, misapplied or mismanaged the estate ; and as in the former section no appeal is, in terms, given.

The 27th section transfers to the Orphans' Court, " the powers and duties formerly exercised and performed by the Ordinary relative to the admission of guardians," or more correctly speaking, gives them concurrent jurisdiction in such cases with the Ordinary. In this section an appeal is expressly given from the Orphans' Court to the Prerogative Court. And it has been strenuously insisted, in the argument at the bar, that under this section, the general power of revocation of guardianship is vested in the Orphans' Court. I have been disposed to exercise great latitude in the construction of this section and to find here, if possible, the power of revocation, for the sake of the appeal. I am, however, compelled to believe that the power of revocation of letters of guardianship is not given directly or impliedly by that section. The powers and duties there spoken of are " relative to the admission of guardians." Now the term admission is of plain and certain import, and can justly, by no means be made to comprehend a revocation. Moreover, these powers and duties may be exercised in the county where the minor resides, or has real or personal estate ; and if, therefore, one of these powers is that of revocation, the very unsafe and inadmissible conclusion follows, that the letters of guardianship may be granted in one county and the revocation take place in another ; for after the admission, the ward may remove to and reside in another county or may have there real or personal estate. If, then, the power of revocation is not comprehended in this section, it is not subjected thereby to the appeal which is provided ; an appeal is not thereby given.

On the argument at the bar, it was earnestly insisted and forcibly argued, that the Orphans' Court have a general jurisdiction to revoke letters of guardianship, not confined merely to the cases expressly specified in the act, but

embracing all cases where a revocation is legal and proper.
For the occasion, without intimating any opinion of the cor-
rectness of the position, let it be admitted. The conclusion
by no means follows that because a power to pronounce a
decree of revocation exists in the court, such decree is sub-
ject to an appeal. · If, indeed, this power were derived from
the 27th section, the conclusion would be sound. But if
from other parts of the statute, from the language of the
general sections, or from inference that as the power is not
elsewhere expressly vested, it must be held by the body
which has the authority to create or admit the guardian,
then the appeal does not necessarily attach ; for we'have
already seen that all sentences or decrees are not subject to
appeal, and such only are, as have the appeal expressly
given or attached to them.

In the course of the argument the case of Little's will was
mentioned. The surrogate having proceeded to prove the
will within ten days from the decease of the testator, an
appeal was made to the Prerogative Court, and the letters
testamentary were set aside. It may suffice in reference to
this case, to remark that all proceedings of surrogates not
brought before the Orphans' Court, are expressly made sub-
ject to an appeal to the Prerogative Court. *Rev. Laws* 783,
*sect.* 21.

Inasmuch, then, as I do not anywhere find in the statute
an appeal given from a decree of revocation of letters of
guardianship, I am irresistibly led to the conclusion that
such decree is subject to removal by *certiorari*.

In· the notes to the article " New Jersey " in *Griffith's
Register*, 1198, the opinion of the editor is expressed in the
following manner. After stating the cases in which an
appeal may be made, he says, " In all the other cases in
which a special jurisdiction is given to the Orphans' Court
under the act of June 13, 1820, such as decreeing further
security to be given by administrators or guardians, or
revoking their letters, and on complaint under the 8th, 9th

and 10th sections, and upon the 12th, 13th, 19th and 20th relative to the division and sale of lands; and upon the 30th respecting the final allowance of accounts; in all these instances being in no wise the subject of the Ordinary's jurisdiction, as defined by the statute, nor any appeal given to him, the remedy after final sentence or decree of the Orphans' Court, is by *certiorari* out of the Supreme Court." I make no apology here for this citation. Abroad, this work is referred to with confidence, and at home the known erudition of the editor, and his long experience in the office of surrogate, entitle his opinion on this subject, to respectful attention.

Finding the *certiorari*, in this case, sustained by the act of the legislature to which, at the outset of my opinion, I have referred, I have not examined how far it may be supported, independent of that act, by the general jurisdiction of this court over inferior tribunals of statutory erection.

The other justices concurred.

Motion to quash overruled.